B. O. KEATON, plaintiff in error, vs. H. A. SCOTT, defendant error.

A father's will contained these words: "All the property hereby given to my daughters, is given to their sole and separate use, not subject to the debts or contracts of their husbands."

*Held*, That these words restricted the power of alienation in a daughter, so far as to prevent her from mortgaging the property, to secure a note of hers, given for a debt of her husband's.

Illegality, from Dougherty county. Tried before Judge ALLEN, May Term, 1858.

Henry A. Scott as trustee for Virginia A. Scott, and the said Virginia A. Scott, made a note for the sum of $5,951 25-100, which was endorsed by said Henry A. Scott to Benj. O. Keaton, and the said Henry A. for himself and as trustee for Virginia A. Scott, and the said Virginia A. Scott, made and delivered to said Keaton a mortgage on eight negroes, to secure the payment of said note; these negroes had been given to the said Virginia, for her sole and separate use, by her father, then of the State of Alabama.

After maturity, Keaton foreclosed the mortgage, and levied on the negroes, and an affidavit of illegality was interposed.

On the trial, the foregoing facts appeared, and plaintiff closed his case.

Defendant then read to the jury the answers of Keaton to interrogatories, sued out in the cause, to which plaintiff objected, on the ground that Keaton was in Court and should be examined as other witnesses, *viva voce.* The Court overruled the objection and counsel for plaintiff excepted.

Defendant also, read in evidence two notes, signed John Scott, and endorsed Henry A. Scott, made payable to Henry A. Scott or bearer, one for $1,000, and one for $6,500 with the credits thereon, which when subtracted from the notes at the date of the mortgage, would make the amount of the note intended to be secured by it.

Defendant also, read in evidence the will of John Lester, the father of Virginia A. Scott, the thirteenth and part of the fourteenth items of which are as follows:

" I give and bequeath to my daughter Virginia Ann Lester, to her sole and separate use and benefit, a negro woman Charlott, about thirty-one years old, and her four children, Mary, Jim, Zue and Fort; also George, (called Mobby George,) about eighteen years old, Jack about twenty-one years old, Jane about fifteen years old, and the increase of said female slaves. It being the true intent and meaning of this my last will and testament that all property hereby given to my daughters, is given to their sole and separate use, not subject to the debts or contracts of their present or any future husband:"

The negroes conveyed by mortgage were identified as being the same contained in the will.

Defendant closed.

Plaintiff in reply, offered in evidence a mortgage executed by Henry A. Scott to Keaton, with an assignment thereon by the plaintiff Keaton to Henry A. Scott, as trustee for his wife, Virginia A. Scott, and an entry of the money paid to the said trustee $6,500; and a ratification and confirmation of the Act of the trustee by the said Virginia A. Scott; also, a receipt on the said mortgage to William Cheever, for his

two notes of $2,500 each, given for the purchase money, o lands mentioned in said mortgage, the notes to be applied to the mortgage and accounted for to the trust estate of Virginia Scott. $3,600 of said notes was for the land mentioned in the mortgage, and $1,360 for stock belonging to the trust estate of the said Virginia. This receipt was signed by Henry A. Scott as trustee.

Plaintiff also offered in evidence the petition of Virginia Scott, asking for a trustee to receive and protect the personal property and money coming to her from her father's estate, and the order of the Court appointing the said Henry A. Scott, as such trustee.

The counsel for defendant objected to said mortgage with the entries thereon, and the order of the Court appointing the trustee being read in evidence, on the ground that the will created a separate estate in Virginia Scott, "not subject to the debts or contracts of her husband," and that these words were a restraint upon alienation, and that she or the trustee or either of them, could not mortgage or encumber it for the husband's debts, with or without valuable consideration to the trust estate.

The Court sustained the objection and counsel for plaintiff excepted.

The case was submitted to the jury, and counsel for plaintiff requested the Court to charge the jury:

1st. That a married woman, so far as regards her rights to dispose of her separate estate, is a *feme sole*, except so far as she is restrained by the provisions of the instrument creating the separate estate. That the words "not subject to the debts or contracts of her present or any future husband," were not intended by the testator as a restraint upon the power of alienation in this case, but more fully to unfold the design of the testator to create a separate estate.

2d. That these words in the will of John Lester, do not

disable the wife by her trustee, and her own consent and ratification appearing, from charging her separate estate for the payment of a debt of her husband for a fair and full consideration.

3d. That it is not usury to purchase a promissory note founded upon a sufficient—valuable consideration between the parties, and not tainted with usury in its inception, at a discount greater than the legal rate of interest.

All of which requests except the first clause of the first request, the Court refused to give in charge, but charged the contrary to be the law, and counsel for plaintiff excepted, and on these several exceptions assigns error.

Hines & Hobbs; Strozier & Slaughter, for plaintiff in error.

Vason & Davis; and R. F. Lyon, for defendant in error.

*By the Court.*—Benning, J. delivering the opinion.

The language of the will is, "that all the property hereby given to my daughters, is given to their sole and separate use, not subject to the debts or contracts of their present or any future husbands."

Words similar to the latter of these words, namely, to the words, " not subject to the debts or contracts of their present, or any future husbands," have been held, in two cases, by this Court, to impose a restriction to some extent upon the wife's power of alienation, viz: to the extent of preventing her from alienating, or binding the separate property, for her husband's debts; one of these, was a case decided at Savannah, January Term, 1858 ; the other, the case of *Johnson vs.* ————, decided at Macon, January Term, 1858.

Such words seem to manifest a clear purpose in the donor, that the property is not to go in payment of the husband's debts. But it would go in payment of those debts, if the wife could take it, and with it, pay the debts. The words

therefore, seem to manifest a clear purpose, that she is not to have the power to do this ?

This is the view which this Court has taken of such words. The will in this case, however, was made in Alabama; and it is insisted, that the will is to be read by the law of Alabama, and that the Courts of Alabama, take a different view of such words. But we do not find that they do. The two cases cited to show that they do, (17 *Ala. R.* 617. *Do.* 797.) fail to show it. They were cases containing no such words, but merely words creating a separate estate in the wife.

We think, then, that the words in this case, were such as to deprive Mrs. Scott of the power of mortgaging the property, for the purpose of paying off the debts of her husband. The effect of the mortgage and the note it secured, *was to* pay off the debt of the husband, so far as the holder of it, Keaton, was concerned, though not so far as Mrs. Scott herself was concerned, for the debt was transferred to her. But paying it off, so far as Keaton was concerned, was enough; a payment of that sort was one of the very things intended to be guarded against. Besides, at bottom, no payment she could make would be more than that. Suppose the notes had not been transferred to Mrs. Scott, but had been receipted in full, and extinguished, still, she would have had the right to recover the amount of the notes out of her husband, merely by suing him for so much money paid to his use. And in every case in which, the separate property went to pay the husband's debts, an action of this sort would result to the wife. To say, therefore, that the words, did not mean to prohibit any payment of the husband's debts, which should leave to the wife a right of action for reimbursement, against the husband, would be to say, that they were to have little if any, practical effect.

Consequently, we think the mortgage void.

If the mortgage was void, the introduction of the evidence going to show the consideration on which it was founded,

would have been useless. So, we think, that the Court was right in excluding that evidence.

The other exceptions were waived.

Judgment affirmed.